IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11337
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELPIDIO ISLAS-SALINAS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:01-CR-46-1-C
- - - - - - - - - -
July 18, 2002

Before DeMOSS, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Elpidio Islas-Salinas ("Islas") appeals his conviction, following a jury trial, of transportation of illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). Islas' motion for leave to file a corrected brief is GRANTED.

Islas contends that the district court abused its discretion by admitting FED. R. EVID. 404(b) evidence of his arrest for transporting illegal aliens a mere 17 days prior to the date of his arrest for the charged offense. Because evidence of the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prior arrest was relevant to prove Islas' intent and absence of mistake as to the illegal status of the aliens in the instant offense, the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. See United States v. Hernandez-Guevara, 162 F.3d 863, 870-72 (5th Cir. 1998); United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc). The district court did not abuse its discretion by admitting the Rule 404(b) evidence. See United States v. Bentley-Smith, 2 F.3d 1368, 1377 (5th Cir. 1993).

Islas also contends that the trial evidence was insufficient to support his conviction, primarily on the ground that the Government failed to prove that he knew the passengers in the van he was driving were illegal aliens. The evidence was not insufficient to support Islas' conviction. See United States v. El-Zoubi, 993 F.2d 442, 445 (5th Cir. 1993); United States v. Nolasco-Rosas, 286 F.3d 762, 765 (5th Cir. 2002). Islas' brother, Grodes, pleaded guilty to the same count with which Islas was charged, and he testified for the Government that he was also in the van that picked up approximately one dozen illegal aliens from an abandoned house in Phoenix, with the intent of transporting them to Dallas. Grodes was aware that the passengers were illegal aliens, based on the circumstances of the trip and the aliens' appearance. When stopped by law-enforcement officers outside of Lubbock, Texas, the aliens were lying on the floor and seats of the van to conceal themselves. Grodes' testimony and the circumstances of the trip were sufficient to establish Islas' knowledge of the aliens' illegal status, or at

least his reckless disregard of such status.  See <u>Nolasco-Rosas</u>, 286 F.3d at 765; <u>see</u> 8 U.S.C. § 1324(a)(1)(A)(ii).

The conviction is thus AFFIRMED.

AFFIRMED; MOTION GRANTED.